FILED IN OPEN COURT
ON 2-11-2014
Julie A. Richards, Clerk
US District Court
Eastern District of NC
JAA

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

NO. 7:14-CR-8-1 (4)

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | INDICTMENT |
| ) | |
| JULIAN MARIE BRESLOW ) | |

The Grand Jury charges that:

**INTRODUCTION**

I. **OVERVIEW**

A. Scheme to Defraud

1. From in or around May 2009, and continuing through in or around May 2012, Defendant JULIAN MARIE BRESLOW (BRESLOW) and others known and unknown to the grand jury participated in a scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises.

2. They did so by using and attempting to use Breslow Construction LLC (Breslow Construction) as a small business, a Women Owned Small Business, a historically underutilized business (HUB), and other categories given preference under state and federal law to obtain masonry subcontracts and other work that Pompano Masonry Corporation (Pompano) would be

unlikely to obtain on its own or to obtain such subcontracts at a better price.

3. They did so even though Breslow Construction did not qualify because of its lack of independence from Pompano, which BRESLOW also owned and controlled.

4. BRESLOW made false representations and submitted fraudulent documents in order to obtain preferential status in government applications for Breslow Construction, including its North Carolina HUB applications.

5. BRESLOW also falsely represented that she was not debarred from federal contracting in these subcontracts.

B. Regulatory Background

6. For federal construction contracts exceeding $1,000,000, the general contractor must submit a subcontracting plan that provides the maximum practicable opportunity for participation by small and disadvantaged businesses.

7. To qualify as a small business in the masonry contractors subsector, a business must have $14 million or less in annual receipts (averaged over a three year period), including receipts of affiliates.

8. Affiliation exists when one business controls another or when a third party controls both businesses.

C. Background of Pompano and BRESLOW

9. Pompano was one of the largest masonry companies in the United States with billings over $50 million each year in 2006 and 2007 and over $30 million in 2008. At all times relevant to this Indictment, Pompano did not qualify as a small business because its revenues were too high.

10. In 2007, BRESLOW purchased Pompano through her Trust, the Julian Marie Breslow Revocable Living Trust Agreement (Breslow Trust). Throughout 2009 to 2011, BRESLOW, through her trust, was its sole owner.

11. BRESLOW previously owned and controlled a healthcare related business which submitted claims to Medicaid and Medicare.

12. On February 10, 2004, BRESLOW was indefinitely debarred for cause by the Department of Health and Human Services from participating in all Federal procurement and non-procurement programs. BRESLOW remains on the Excluded Parties List System maintained by the Federal Government.

II. **WALLACE CREEK PHASE I PROJECT AT CAMP LEJEUNE, NORTH CAROLINA**

13. On September 15, 2008, Naval Facilities Engineering Command Mid-Atlantic in Norfolk, Virginia (NAVFAC) awarded Joint

3

Venture A the Wallace Creek Phase I contract for a series of construction projects at Camp Lejeune for a total of $192,171,000.

14. Joint Venture A was a joint venture between Companies A and B, large general commercial construction companies (general contractors).

15. In August, 2008, as part of its Wallace Creek Phase I proposal, Joint Venture A submitted to NAVFAC a Small Business Subcontracting Plan, representing that at least 77% of the work it subcontracted would go to small businesses.

16. Around January 16, 2009, Pompano submitted a bid to Joint Venture A to do the masonry work on Wallace Creek Phase I.

17. In March, 2009, Joint Venture A and Pompano finalized a masonry subcontract for $14,438,493.

18. To ensure that debarred subcontractors are used only where there is a compelling reason to do so, the Wallace Creek Phase I contract required Joint Venture A to notify the contracting officer before subcontracting in excess of $25,000 with a party that was debarred.

19. Joint Venture A required Pompano to submit an attachment to its subcontract, certifying that Pompano and its principals were not debarred or suspended. Despite BRESLOW's

4

debarment, Pompano certified that neither Pompano nor its principals were debarred or suspended.

20. Joint Venture A made no notification to NAVFAC that the owner of Pompano, a major subcontractor, was debarred.

21. In May 2009, Pompano commenced performance of the Wallace Creek Phase I masonry subcontract.

**III. FORMATION OF BRESLOW CONSTRUCTION, LLC**

22. In or around May 2009, BRESLOW decided to form a small business to obtain more masonry jobs.

23. BRESLOW enlisted the help of her attorney, David J. Valdini, and his firm, David J. Valdini & Associates, P.A. (the Valdini firm) to create a new legal entity and get it registered and certified as a small business for both federal and state purposes.

24. At the request of BRESLOW, the Valdini firm filed incorporation documents for Breslow Construction on June 25, 2009. The Articles of Organization state that Breslow Construction has three Managing Members: BRESLOW, Person A, and Person B.

25. Person A and Person B are daughters of BRESLOW. In June 2009, Person A had just completed her first semester of law school at Stetson University. In June 2009, Person B was

sixteen years old and three years away from completing high school.

**IV. USE OF BRESLOW CONSTRUCTION FOR WALLACE CREEK PHASE I**

26. After Pompano had been working on the Camp Lejeune jobsite, Joint Venture A informed representatives of Pompano that it needed additional small business representation and asked Pompano to help.

27. At this time, Breslow Construction had just been formed and had no existence except on paper.

28. On July 21, 2009, the Valdini firm sent a letter to Company B of Joint Venture A, stating that "Breslow Construction, LLC is a small business and its average annual receipts are less than $14 million." The letter asked that "this correspondence serve as Breslow Construction's self-certification and its intent to be considered for the [Wallace Creek] project."

29. Joint Venture A then created a revised masonry subcontract in the name of Breslow Construction.

30. The subcontract included a 2% increase in price based on the participation of a small business.

31. Attachment "E" to the Breslow Construction subcontract falsely certified that neither Breslow Construction nor any principal of Breslow Construction was debarred or suspended.

32. BRESLOW signed the subcontract on behalf of Breslow Construction.

33. Joint Venture A made no notification to NAVFAC that the owner of Breslow Construction, a major subcontractor, was debarred.

**V. BRESLOW CONSTRUCTION WAS AN AFFILIATE OF POMPANO AND THEREFORE NOT A SMALL BUSINESS**

34. Breslow Construction was an affiliate of Pompano.

35. BRESLOW was the head of Breslow Construction just as she was the head of Pompano.

36. Breslow Construction and Pompano had separate employees in name only.

37. All or almost all Breslow Construction office employees were former Pompano employees who were "transferred" to Breslow Construction. Yet these employees continued to also perform their old functions at Pompano.

38. Several Pompano employees who did not "move" to Breslow Construction assumed responsibilities relating to Breslow Construction.

39. When Pompano employees became Breslow Construction employees, they not only kept their same responsibilities at Pompano, they also kept their same working locations and offices.

40. Breslow Construction did not have its own equipment. Any work Breslow Construction contracted to do was actually done using Pompano equipment.

41. Pompano guaranteed the bonds for Breslow Construction.

42. BRESLOW was aware that Breslow Construction was an affiliate of Pompano and not a small business and yet used it anyway.

**VI. WALLACE CREEK PHASE I FRAUDULENT SUBMISSIONS**

43. Joint Venture A was required by its contract to submit twice annually an updated subcontract report to the Department of the Navy.

44. Joint Venture A made five separate submissions to NAVFAC, falsely stating that it exceeded the small business subcontracting goal of 77%.

45. It made these submissions on March 26, 2010, April 30, 2010, October 29, 2010, April 29, 2011, and October 30, 2011.

46. These statements were false because they were based upon the sham participation of Breslow Construction.

47. BRESLOW used Breslow Construction in Wallace Creek Phase I to assist Joint Venture A in meeting the small business goals and requirements for the Wallace Creek Phase I contract.

48. BRESLOW knew that falsifying Breslow Construction's status as a small business would cause Joint Venture A to make false statements to the Government about its small business representation.

### VII. WALLACE CREEK PHASE II

49. On June 8, 2009, NAVFAC issued a "Solicitation, Offer, and Award" for a series of construction projects at Camp Lejeune for Wallace Creek Phase II.

50. On January 25, 2010, NAVFAC awarded Company C the Wallace Creek Phase II contract for a total of $136,331,000.

51. In its Subcontracting plan, Company C represented that 50% of the subcontract awards would go to small businesses.

52. In or around November 2009, Pompano submitted a bid to Company C to do the masonry work on Wallace Creek Phase II.

53. In or around August 2010, a representative of Pompano told Company C that it could provide Women Owned Small Business status through Breslow Construction.

54. Company C and Breslow Construction finalized a masonry subcontract for $15,058,000 bearing the date October 27, 2010.

9

55. The subcontract listed Person A as the manager of Breslow Construction and had what was supposed to be her signature. But Person A never signed that contract. Her signature was stamped without her knowledge.

56. In its submissions to the Government, Company C relied upon Breslow Construction's alleged Women Owned Small Business status.

57. Company C made submissions to NAVFAC, identifying specific dollar figures and percentages for the amount of work it subcontracted to small businesses and to Women Owned Small Businesses.

58. It made these submissions on July 12, 2011, and October 27, 2011.

59. These statements were false because they were based upon the sham participation of Breslow Construction.

60. BRESLOW used Breslow Construction in Wallace Creek Phase II to assist Company C in meeting the small business goals and requirements for the Wallace Creek Phase II contract.

61. BRESLOW knew that falsifying Breslow Construction's status as a small business would cause Company C to make false statements to the Government about its small business and Women Owned Small Business representation.

## VIII. BRESLOW CONSTRUCTION'S NORTH CAROLINA HUB APPLICATION

62. On or about July 8, 2010, Breslow Construction sent by federal express a HUB certification application to Raleigh, North Carolina. It was received on July 9, 2010. BRESLOW led the effort to complete and submit this application.

63. North Carolina agencies use the HUB Vendor Directory to solicit bids from certified HUBs for state purchasing and public works contracts. Prime contractors also use the HUB Vendor Directory to identify HUBs in order to send them notification of subcontracting opportunities.

64. The application falsely stated that Breslow Construction was not co-located with any other businesses, that immediate family members did not own or manage another company, and that Person A was the sole owner.

65. The HUB application contains numerous fraudulently altered documents, including Person A's resume, the incorporation documents from the Florida Secretary of State's office, a lease application, various sales documents purportedly showing equipment Breslow Construction owns, and various bank documents. BRESLOW prepared these fraudulent documents and was aware they were false.

66. Based on this application, on July 27, 2010, the North Carolina Department of Administration, Office of HUBs, mailed a letter certifying Breslow Construction as a HUB firm with the Statewide Uniform Certification Program.

## COUNT ONE
**Major Fraud Relating to the Wallace Creek Phase I Subcontract**
**18 U.S.C. §§ 1031 and 2**

Paragraphs 1-48 above are re-alleged and incorporated herein by reference.

On or about September 15, 2008, the United States, in a procurement of services, awarded prime contract number N4008508C1404 to Joint Venture A, the value of said prime contract being in excess of $1,000,000.

Between in or around July 2009, and in or around October 2011, in the Eastern District of North Carolina and elsewhere, the defendant, JULIAN MARIE BRESLOW, knowingly executed the above-described scheme and artifice with the intent to defraud the United States and to obtain money or property by means of materially false and fraudulent pretenses, representations, and promises, in connection with a subcontract to the foregoing prime contract.

BRESLOW also aided, abetted, induced, procured, counseled, commanded, and caused others to do so, in violation of Title 18, United States Code, Sections 1031 and 2.

**COUNTS TWO THROUGH SIX**
**False Statements to the United States (Wallace Creek Phase I)**
**18 U.S.C. §§ 1001 and 2**

Paragraphs 1 through 48 above are re-alleged and incorporated herein by reference.

The Defendant, JULIAN MARIE BRESLOW, aiding and abetting others, did willfully and knowingly cause to be made materially false, fictitious, and fraudulent statements and representations, in the Eastern District of North Carolina and elsewhere, on the dates set forth below in matters within the jurisdiction of a department of the executive branch of the Government of the United States, namely the submissions described in paragraphs 44-45 above, that is false statements that more than 77% of the dollar value of Joint Venture A's subcontracts on Contract Number N4008508C1404 were going to small business concerns. The statements and representations were false because they were based on the inclusion of Breslow Construction as a small business concern when it did not qualify:

13

| COUNT | DATE | FALSE PERCENTAGE GIVEN FOR SMALL BUSINESS REPRESENTATION |
|---|---|---|
| 2 | 03/26/2010 | 77.5% |
| 3 | 04/30/2010 | 78.6% |
| 4 | 10/29/2010 | 78.2% |
| 5 | 04/29/2011 | 77.1% |
| 6 | 10/30/2011 | 78.6% |

Each entry constituting a separate violation of Title 18, United States Code, Sections 1001 and 2.

### COUNTS SEVEN THROUGH ELEVEN
### Wire Fraud (Wallace Creek Phase I)
### 18 U.S.C. §§ 1343 and 2

Paragraphs 1 through 48 above are re-alleged and incorporated herein by reference.

On or about the dates set forth below, each date constituting a separate count of this Indictment, the defendant, JULIAN MARIE BRESLOW, aiding and abetting others, for the purpose of executing, and attempting to execute the above-described scheme and artifice to defraud, caused Joint Venture A to transmit in interstate commerce, by means of wire communications, certain signals, in the Eastern District of North Carolina and elsewhere, that is, submission of the materially false subcontracting reports identified below for Contract Number N4008508C1404 through the Internet:

14

| COUNT | DATE | FALSE PERCENTAGE GIVEN FOR SMALL BUSINESS REPRESENTATION |
|---|---|---|
| 7 | 03/26/2010 | 77.5% |
| 8 | 04/30/2010 | 78.6% |
| 9 | 10/29/2010 | 78.2% |
| 10 | 04/29/2011 | 77.1% |
| 11 | 10/30/2011 | 78.6% |

Each entry constituting a separate violation of Title 18, United States Code, Section 1343 and Section 2.

### COUNT TWELVE
**Major Fraud Relating to the Wallace Creek Phase II Subcontract
18 U.S.C. §§ 1031 and 2**

Paragraphs 1-12, 22-25, 34-42, and 49-61 above are re-alleged and incorporated herein by reference.

On or about January 25, 2010, the United States, in a procurement of services, awarded prime contract number N40085-10-C-5312 to Company C, the value of said prime contract being in excess of $1,000,000.

Between in or around August, 2010 and in or around October, 2011, the defendant, JULIAN MARIE BRESLOW, in the Eastern District of North Carolina and elsewhere, did knowingly execute the above-described scheme and artifice with the intent to defraud the United States and to obtain money by means of materially false and fraudulent pretenses, representations, and

promises, in connection with a subcontract to the foregoing prime contract.

BRESLOW also aided, abetted, induced, procured, counseled, commanded, and caused others to do so, in violation of Title 18, United States Code, Sections 1031 and 2.

**COUNTS THIRTEEN TO FOURTEEN**
**False Statements to the United States (Wallace Creek Phase II)**
**18 U.S.C. §§ 1001 and 2**

Paragraphs 1-12, 22-25, 34-42, and 49-61 above are re-alleged and incorporated herein by reference.

The Defendant, JULIAN MARIE BRESLOW, aiding and abetting others, did willfully and knowingly cause to be made materially false, fictitious, and fraudulent statements and representations, in the Eastern District of North Carolina and elsewhere, on the dates set forth below in matters within the jurisdiction of a department of the executive branch of the Government of the United States, namely the submissions described in paragraphs 57-58 above relating to Contract number N40085-10-C-5312. The statements and representations were false because they were falsely based on the inclusion of Breslow Construction as a small business concern and Women Owned Small Business (WOSB) when it did not qualify:

16

| COUNT | DATE | FALSE PERCENTAGE GIVEN FOR SMALL BUSINESS/WOSB REPRESENTATION |
|---|---|---|
| 13 | 07/12/2011 | 36.1%/22.5% |
| 14 | 10/27/2011 | 32.3%/19% |

Each entry constituting a separate violation of Title 18, United States Code, Sections 1001 and 2.

### COUNTS FIFTEEN TO SIXTEEN
### Wire Fraud (Wallace Creek Phase II)
### 18 U.S.C. §§ 1343 and 2

Paragraphs 1-12, 22-25, 34-42, and 49-61 above are re-alleged and incorporated herein by reference.

On or about the dates set forth below, each date constituting a separate count of this Indictment, the defendant, JULIAN MARIE BRESLOW, aiding and abetting others, for the purpose of executing, and attempting to execute, the above-described scheme and artifice to defraud, caused Company C to transmit in interstate commerce, by means of wire communications, certain signals, in the Eastern District of North Carolina and elsewhere, that is, submission of the materially false subcontracting reports identified below for Contract Number N40085-10-C-5312 through the Internet:

| COUNT | DATE | FALSE PERCENTAGE GIVEN FOR SMALL BUSINESS/WOSB REPRESENTATION |
|---|---|---|
| 15 | 07/12/2011 | 36.1%/22.5% |
| 16 | 10/27/2011 | 32.3%/19% |

Each entry constituting a separate violation of Title 18, United States Code, Section 1343 and Section 2.

### COUNT SEVENTEEN
### Mail Fraud (Wallace Creek Phase II)
### 18 U.S.C. §§ 1341 and 2

Paragraphs 1-12, 22-25, 34-42, and 49-61 above are re-alleged and incorporated herein by reference.

On or about October 15, 2010, for the purpose of executing or attempting to execute the above-described scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, defendant JULIAN MARIE BRESLOW, aiding and abetting others, knowingly caused to be delivered by common carrier, in the Eastern District of North Carolina and elsewhere, according to the direction thereon, Subcontract 12700-04A bearing the purported signature and initials of Person A, in violation of Title 18, United States Code, Sections 1341 and 2.

### COUNT EIGHTEEN
### Aggravated Identity Theft (Wallace Creek Phase II)
### 18 U.S.C. §§ 1028A and 2

Paragraphs 1-12, 22-25, 34-42, and 49-61 above are re-alleged and incorporated herein by reference.

On or about October 15, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, JULIAN MARIE

BRESLOW, aiding and abetting others, did knowingly transfer, possess, use, and cause others to do so, without lawful authority, a means of identification of another person, specifically the name and signature of Person A, during and in relation to felonies enumerated in 18 U.S.C. § 1028A(c), to wit: Major Fraud and Mail Fraud, in violation of Title 18, United States Code, Sections 1031 and 1341, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

### COUNT NINETEEN
### Mail Fraud (Breslow HUB Application)
### 18 U.S.C. §§ 1341 and 2

Paragraphs 1-5, 9-12, 22-25, 34-42, and 62-66 are re-alleged and incorporated herein by reference.

On or about July 9, 2010, for the purpose of executing and attempting to execute the above-described scheme and artifice to defraud and to obtain money by means of materially false and fraudulent pretenses, representations, and promises, defendant JULIAN MARIE BRESLOW, aiding and abetting others, knowingly caused to be delivered, in the Eastern District of North Carolina and elsewhere, by a private and commercial interstate carrier according to the direction thereon, the Breslow Construction North Carolina HUB Application, in violation of Title 18, United States Code, Sections 1341 and 2.

## COUNT TWENTY
## Aggravated Identity Theft
## 18 U.S.C. §§ 1028A and 2

Paragraphs 1-5, 9-12, 22-25, 34-42, and 62-66 above are re-alleged and incorporated herein by reference.

On or about July 9, 2010, in the Eastern District of North Carolina and elsewhere, the defendant, JULIAN MARIE BRESLOW, aiding and abetting others, did knowingly transfer, possess, and use, and cause others to do so, without lawful authority, a means of identification of another person, specifically the name, signature, address, phone number, e-mail, date of birth, and driver's license number of Person A, during and in relation to a felony enumerated in 18 U.S.C. § 1028A(c), to wit: Mail Fraud, in violation of Title 18, United States Code, Section 1341, in violation of Title 18, United States Code, Section 1028A(a)(1) and Section 2.

A TRUE BILL

**REDACTED VERSION**
Pursuant to the E-Government Act and the federal rules, the unredacted version of this document has been filed under seal.

~~FOREPERSON~~

DATE: FEB 11, 2014

THOMAS G. WALKER
United States Attorney

*David A. Bragdon*
BY: DAVID A. BRAGDON
Assistant United States Attorney