IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:14-CR-8-D
No. 7:16-CV-149-D

| | | |
|---|---|---|
| JULIAN MARIE BRESLOW, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On June 14, 2016, Julian Marie Breslow ("Breslow") moved pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct her 30-month sentence [D.E. 86]. On December 5, 2016, the government moved to dismiss Breslow's section 2255 motion [D.E. 90] and filed a memorandum in support [D.E. 91]. On January 3, 2017, Breslow responded in opposition to the government's motion to dismiss [D.E. 93]. On March 2, 2017, Breslow filed a motion to recommend halfway house placement [D.E. 94]. As explained below, the court grants the government's motion to dismiss, dismisses Breslow's section 2255 motion, and denies Breslow's motion to recommend halfway house placement.

I.

On February 11, 2014, a federal grand jury charged Breslow in a twenty-count indictment with major fraud in violation of 18 U.S.C. §§ 1031 and 2 (counts one and twelve), false statements to the United States in violation of 18 U.S.C. §§ 1001 and 2 (counts two through six), wire fraud in violation of 18 U.S.C. §§ 1343 and 2 (counts seven through eleven, fifteen, and sixteen), false statements to the United States violation of 18 U.S.C. §§ 1001 and 2 (counts thirteen and fourteen),

mail fraud violation of 18 U.S.C. §§ 1341 and 2 (counts seventeen and nineteen), and aggravated identity theft in violation of 18 U.S.C. §§ 1028A and 2 (counts eighteen and twenty). See [D.E. 1] 12–20. On September 17, 2014, pursuant to a plea agreement [D.E. 30], Breslow pleaded guilty to count three, and the government agreed to dismiss the remaining nineteen counts at sentencing. See id.; Rule 11 Tr. [D.E. 33] 13–34. During Breslow's Rule 11 hearing, Breslow swore that she understood the charge to which she was pleading guilty and understood the maximum penalties provided for that charge. See Rule 11 Tr. 19–20. Breslow also swore that she understood all the trial rights that she had and that she would be waiving if she pleaded guilty as well as the direct and collateral consequences of pleading guilty. See id. at 20–26. Breslow also swore that she understood the sentencing process, that any estimate of her sentence or the advisory guideline range from any source was not binding on the court, that any erroneous prediction of her advisory guideline range or sentence would not allow her to withdraw her guilty plea, and that the court could sentence her up to the statutory maximum of 60 months on count three. See id. at 20–21. Breslow also swore that no one had threatened her or anyone else or made any promise to her or anyone else that made her decide to plead guilty. Id. at 21–22. Breslow also swore that she had reviewed her plea agreement with her counsel and understood the appellate waiver in her plea agreement. Id. at 25

At the end of her Rule 11 hearing, Breslow pleaded guilty to count three, and the government provided a factual basis for the guilty plea. See id. at 26–31. The court then accepted Breslow's guilty plea to count three. See id. at 31–32.

On June 16, 2015, at Breslow's sentencing hearing, the court calculated Breslow's advisory guideline range as 60 months' imprisonment on count three. See Sent. Tr. [D.E. 67] 5. After considering all relevant factors under 18 U.S.C. § 3553(a), the arguments of counsel, and Breslow's allocution, the court varied down and sentenced Breslow to 30 months' imprisonment on count three.

2

See id. 38–43. Pursuant to the plea agreement, the court dismissed counts one, two, and four through twenty. See id. 42.

Breslow appealed. On March 3, 2016, the United States Court of Appeals for the Fourth Circuit affirmed Breslow's conviction, enforced the appellate waiver in her plea agreement, and dismissed the appeal of her downward variant sentence. See United States v. Breslow, 635 F. App'x 121, 122 (4th Cir. 2016) (per curiam) (unpublished).

On June 14, 2016, Breslow filed her section 2255 motion, asserting five claims. See [D.E. 86]. First, that Breslow's former government-contracts attorney David J. Valdini was constitutionally ineffective because he provided information to the grand jury, that the Assistant U.S. Attorney who handled the case was overly aggressive and presented non-credible testimony to the grand jury, and that the grand jury erroneously indicted Breslow. Id. at 4. Second, that Breslow's criminal-defense attorneys were constitutionally ineffective because they used "strong arm tactics" to compel Breslow to plead guilty and failed properly to review or dispute Breslow's PSR. Id. Third, that Breslow's criminal-defense attorneys were constitutionally ineffective because they failed to review tax filings and to call her accountant testify at Breslow's sentencing hearing. Id. at 6–7. Fourth, that Breslow's criminal-defense attorneys were constitutionally ineffective because they failed to recognize that Breslow was merely a figurehead in Pompano Masonry Corporation. See id. at 8. Fifth, that Breslow's criminal-defense attorneys were constitutionally ineffective because they failed to investigate where Breslow was during certain events relevant to the charges in the indictment. See id. at 9.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests the legal and factual sufficiency of a complaint. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550

3

U.S. 544, 555–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court also may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993).

As for Breslow's claim that Breslow's former government-contracts attorney David J. Valdini was constitutionally ineffective because he provided information to the grand jury in response to a grand jury subpoena served on his law firm,[1] that the Assistant U.S. Attorney who handled Breslow's criminal prosecution was overly aggressive and presented non-credible testimony to the grand jury, and that the grand jury erroneously indicted Breslow, Breslow failed to raise the issues in this claim on direct appeal. The general rule of procedural default, however, bars a petitioner from presenting a claim under section 2255 that was not raised on direct appeal unless the

---

[1] On May 22, 2014, Valdini's law firm, David J. Valdini & Associates, P.A., pleaded guilty to aiding and abetting fraud relating to a major contract with the United States in violation of 18 U.S.C. § 1031 and § 2. The guilty plea concerned advice that David J. Valdini & Associates, P.A. provided to Breslow and her companies in order to defraud the United States in connection with government contracting. As part of the plea agreement, Valdini permanently relinquished all law licenses and agreed not to practice law the rest of his life.

4

petitioner can establish "actual innocence" or "cause and prejudice" for the failure to raise the issue on direct appeal. See, e.g., Massaro v. United States, 538 U.S. 500, 504 (2003); Bousley v. United States, 523 U.S. 614, 621 (1998); United States v. Fugit, 703 F.3d 248, 253 (4th Cir. 2012); United States v. Sanders, 247 F.3d 139, 144 (4th Cir. 2001). Breslow has not plausibly alleged "actual innocence" or "cause and prejudice" resulting from the alleged errors about which she now complains. See Bousley, 523 U.S. at 622–24; Coleman v. Thompson, 501 U.S. 722, 753 (1991); Frady, 756 U.S. at 170; United States v. Pettiford, 612 F.3d 270, 280–85 (4th Cir. 2010); United States v. Mikalajunas, 186 F.3d 490, 492–95 (4th Cir. 1999). Thus, the claim fails.

As for Breslow's claims that her criminal-defense counsel provided ineffective assistance, "[t]he Sixth Amendment entitles criminal defendants to the effective assistance of counsel—that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (quotations omitted). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding. See, e.g., Missouri v. Frye, 566 U.S. 133, 140 (2012); Lafler v. Cooper, 566 U.S. 156, 164 (2012). "[S]entencing is a critical stage of trial at which a defendant is entitled to effective assistance of counsel, and a sentence imposed without effective assistance must be vacated and reimposed to permit facts in mitigation of punishment to be fully and freely developed." United States v. Breckenridge, 93 F.3d 132, 135 (4th Cir. 1996); see Glover v. United States, 531 U.S. 198, 203–04 (2001). To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Breslow must show that her attorneys' performance fell below an objective standard of reasonableness and that she suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984).

When determining whether counsel's representation was objectively unreasonable, a court

must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Strickland, 466 U.S. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. A party also must show that counsel's deficient performance prejudiced the party. See id. at 691–96. A party does so by showing that there is a "reasonable probability" that, but for the deficiency, "the result of the proceeding would have been different." Id. at 694.

First, Breslow claims that her criminal-defense counsel used "strong arm tactics" to compel her to plead guilty and failed to review properly the PSR. During Breslow's Rule 11 hearing, however, Breslow swore under oath that no one had threatened her or anyone else concerning her guilty plea. See Rule 11 Tr. 21–22. Moreover, during Breslow's sentencing hearing, Breslow swore that she had discussed her PSR with her lawyers. See Sentencing Tr. 4. Breslow's sworn statements at her Rule 11 proceeding and sentencing hearing bind her and defeat her first claim of ineffective assistance of counsel. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 (1977); United States v. Moussaoui, 591 F.3d 263, 299–300 (4th Cir. 2010); United States v. LeMaster, 403 F.3d 216, 221–23 (4th Cir. 2005).

Next, Breslow contends that her criminal-defense counsel were constitutionally ineffective because they failed to use Breslow's accountant to review tax filings and testify at Breslow's sentencing hearing, failed to recognize that Breslow was merely a figurehead in Pompano Masonry Corporation, and failed to investigate where Breslow was during certain events relevant to the charges in the indictment. Breslow's contentions fail for at least three reasons. First, Breslow cannot use section 2255 to retroactively contest her advisory guideline range. See, e.g., United States v. Foote, 784 F.3d 931, 935–36 (4th Cir. 2015); United States v. Pregent, 190 F.3d 279, 283–84 (4th Cir. 1999); see also Whiteside v. United States, 775 F.3d 180, 183–87 (4th Cir. 2014) (en banc);

6

Mikalajunas, 186 F.3d at 495–96. Second, the advice of Breslow's criminal-defense counsel concerning pleading guilty to count three falls comfortably within the wide range of professionally competent representation due to the overwhelming evidence against Breslow (see PSR ¶¶ 9–31) and the favorable terms of the plea agreement. See, e.g., Premo v. Moore, 562 U.S. 115, 123–32 (2011); Knowles v. Mirzayance, 556 U.S. 111, 127–28 (2009); Strickland, 466 U.S. at 689–700; Morva v. Zook, 821 F.3d 517, 528–32 (4th Cir. 2016); Powell v. Kelly, 562 F.3d 656, 670 (4th Cir. 2009). Third, Breslow received a downward variant sentence on count three, and has not plausibly suggested any reason that she would have received a further downward variant sentence on count three had her attorneys taken any of the acts mentioned in her section 2255 motion. Thus, she has failed to demonstrate that she was prejudiced by her attorneys' alleged ineffective assistance. Accordingly, Breslow's third, fourth, and fifth claims fail.

After reviewing the claims presented in Breslow's motion, the court finds that reasonable jurists would not find the court's treatment of Breslow's claims debatable or wrong, and that none of the claims deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 90], DISMISSES Breslow's section 2255 motion [D.E. 86], DENIES Breslow's motion to recommend halfway house placement, and DENIES a certificate of appealability.

SO ORDERED. This 26 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge